As doubtful questions on bills, notes and commercial paper, are being constantly adjudicated in our courts, it is of the highest importance for banking institutions to keep abreast of the times, by being posted on the latest decisions. It will repay every bank in the State, to subscribe to THE REPORTER, for the information derived from a single decision on a doubtful point, might save the bank hundreds of dollars. Subscription for one year is only Five Dollars. THE REPORTER being published in regular law book form can be bound at the end of the year, thus making an invaluable book of reference.

## REAL ESTATE AGENTS.

As real estate agents are presumed to be familiar with the law governing titles to real estate, construction of wills, deeds and leases, it is highly important for them to subscribe to THE GEORGIA LAW REPORTER.

The law of landlord and tenant is being constantly passed upon by the Courts of last resort of the several States, and is one of the most prolific sources of litigation. It is as essential for a real estate agent to be familiar with the law appertaining to real estate in all its phazes, as it is to know how to fill in the blanks of a simple warranty deed. The agent that can inspire confidence in his patrons, by giving them solid legal advice when required, is the one that will not only get their business, but retain it. Five dollars a year will give you all of the Supreme Court decisions of Georgia, bearing upon your business, together with selected cases of the United States Supreme Court, and the Courts of last resort of the several States. Send your subscription and commence with the first number.

## DECISIONS OF THE SUPREME COURT OF GEORGIA,

*Rendered October 14, 1885.*

### BENNING vs. BARLOW, et al.

TRESPASS FROM LUMPKIN. · Practice in Superior Court. New Trial. (Before Judge Estes.)

[Blandford, J., being disqualified, did not preside in this case.]

Jackson, C. J.—It furnished no ground for any extraordinary motion for a new trial at a later term of Court, that the case was tried near

the close of a term, and counsel did not have time to perfect the motion for a new trial, where it appears that, after the trial, the Court drew juries and did other things usual at the heel of a term; that the dissatisfied party could have made a motion, and taken an order to perfect it and file a brief of the evidence afterwards, but that this was neglected without any sufficient excuse therefor, and that nothing was done until the next term of Court.

Judgment affirmed

Wier Boyd; M. G. Boyd, for plaintiff in error.

H. H. Perry; W. P. Price, for defendants.